Good morning. May it please the Court, Ms. Behrens. My name is Gregory Smith. I represent the appellant, Mr. Jody Goldsberry. Mr. Goldsberry pled guilty in this matter, and the issue before the Court is the District Court's finding of a base offense level of 24 due to the fact that the Court found Mr. Goldsberry having two prior violent felony convictions. The one statute and the one conviction that is in question here today is the Missouri statute for assault on a law enforcement officer in the second degree. This was a conviction of Mr. Goldsberry's from Wayne County in 2009. So the first question is, is this statute, is it divisible? Does it have more than one version of a crime, some of which could be violent and some of which are not? And I think we would all agree that it is a divisible statute. So then we move to the modified categorical approach. And I believe the District Court was correct here in going to the modified categorical approach. And at sensing, the government offered an Exhibit 54, which I put in my addendum for Mr. Goldsberry's prior and the judgment. It also included the information for which he was charged. And that is where I believe this case, this is where the rubber meets the road here. This information lists a statute that does not exist. And the Court found that, and the Court believed that it was a typographical error by either the prosecuting attorney's office or perhaps a court staff. And that would be Missouri Statute 565.082.2.2. Now we all agree that that statute does not exist. So then what we must do is find, well, which one of these seven subsections in this law enforcement officer assault and a law enforcement officer second degree statute, which one matches with Mr. Goldsberry's conduct? And the Court said it was just a typo. What they parenthetical one, which would be the first subsection of that statute. And the reasoning was that it tracked along with what was read in the information. But I disagree with that. The information in Exhibit 54 ends with the condition that Mr. Goldsberry committed this offense in an intoxicated condition. Okay. The beginning of the information tracks along with that statute. But the very last part says he attempted to cause physical injury to a law enforcement officer by means of a dangerous instrument by accelerating an automobile rapidly toward the law enforcement officer while in an intoxicated condition. And is that also referenced then on the judgment? No, it's not, Your Honor. The judgment just lists felony B, statutes of Missouri 565.082. But is it not informational to have the alcohol slash drug? That's not part of the statute. Well, what about the charge code? Can the Court use the charge code to link that up to what actually the ultimate conviction was? It may. I'm not aware, as a defense attorney, I'm not aware of what these charge codes are. I know the prosecuting attorney obviously has them, and they file those with information. But I still think putting this intoxicated condition in here takes it out of that first subsection of the statute, and it brings into play subsection 6 and subsection 7, which deals with reckless behavior in subsection 6 and criminal negligence in subsection 7. So when we're looking back at the statute and doing the categorical approach, we can't be sure which one of those Mr. Goldsberry committed. It could be one, it could be six, or it could be seven, in my opinion. Six and seven would not then qualify as violent offenses. And forgive me for repeating, but have you looked at the charge code manual to see whether that's linked up? Is that ever something that the district courts do in Missouri to try to help figure out which statute? Because it looks like there is a consistent charge code number on the felony information that then tracks on to the judgment that then seems to indicate that you may be right, but you haven't looked at that manual? I'm not aware of the district court in the Eastern District of Missouri ever going to charge codes. I think the standard is looking at the information or the indictment, depending on how that case proceeded in state court, and perhaps then looking at maybe the transcript of the plea. But here, this intoxicated condition part that's added in, and oh by the way, the initial complaint was for assault first. They amend down to assault second, and they add in this intoxicated condition language. That brings into play other non-violent offenses that are found in that statute. And Mathis and Taylor both talk about this demand for certainty that we must have when we find whether it's not a violent offense. I don't know how we can do that here. What is the meaning of the phrase alcohol slash drugs in the judgment? What does that tell us?  The judgment for this particular, I think it's the first page of exhibit, government exhibit 54. What is that telling us? Well, that tells us whoever typed that in put that in while in intoxicated condition because it was found in the information. But if you look at the statute, there's nothing in there that says, well, if there's one mention in the statute, I believe it's subsection five that talks about operating in a boat or a car in an intoxicated condition. But that also requires that physical injury occurred. In this matter, there was no physical injury. But I see where you're talking about that, Your Honor. And again, the statute does not necessarily refer assault on a law enforcement officer while intoxicated. I think they added that in to provide more information, but it's not a specific title of that specific statute. But the while intoxicated, are you corresponding that to while in an intoxicated condition? Yes, I am. Yes, ma'am. And I think that was added in there. One, because the fact supported it, but two, because they were amending down from an assault first. And I believe they put that in there to justify assault second. But nonetheless, it still brings into it still brings into play reckless behavior and criminally negligent behavior, which are subsection six and subsection seven of that statute. So we cannot be sure which one he was convicted of. Basically, because we don't have the proper statute. Well, what information it let's let's just say, assume for purposes of this question that you're right. The district court made a pretty clear ruling that I would have given the same sentence regardless. Would you agree with that assessment? I know Judge Fleissig said that. And I would like to think that given the fact that this wasn't a violent offense, that I'd be able to perhaps change her mind. I know what you're talking about when she said, regardless, I'm still going to give you the maximum. And she went into a fair amount of detail about why she would do that. She did. That's for me to find out if we get remanded back. To be honest, Your Honor, I would want that opportunity to argue on Mr. Goldsberry's behalf, to perhaps convince her otherwise. And with respect to my second point, it was a matter of an enhancement, a two level enhancement for Mr. Goldsberry possessing between three and seven firearms. In my brief, I conceded that he did have two firearms based on the fact that his fingerprints were found on the two. I would question whether there was proof by a preponderance of the evidence that he did possess a third firearm. I would prefer to reserve my time for my rebuttal and I would just stand on my brief with that point, Your Honor. Thank you. Thank you, Mr. Smith. Ms. Behrens. May it please the court. My name is Allison Behrens. I am an assistant United States attorney in St. Louis and I am representing the United States in this appeal. I would like to begin, first of all, by disagreeing with the initial statement that Mr. Smith made. And that is, the standard is not in determining which subsection of a statute applies. It is not looking at the defendant's conduct. The defendant's conduct, as we have been told repeatedly by the Supreme Court of the United States, as well as this court, is completely irrelevant in this analysis. So the fact that the statute, the charging document in this case, had a tagline explaining that the defendant was in an intoxicated condition and driving a vehicle is irrelevant to the court's this case. Judge Fleisig did a very thorough job and a proper job in following the law of this circuit in the Supreme Court in determining which subsection applied. The first thing she did was look at the judgment in this case of Mr. Goldsberry's prior conviction. And what she determined is that the judgment document itself did not reference a statute section and was not at all clear as to which statute section applied. And so then the court properly looked at what she's permitted to look at, which are the Shepherd documents, the charging documents. And what she did was then turn to the felony information that the defendant pled guilty to. And in that felony information, she recognized right off from the get-go that there was a problem. And that was that there was a typographical error. And everybody pretty much agrees that there's a typographical error because subsection 2.2 of this statute simply doesn't exist. So Judge Fleisig, again, following the directives of the court, then, and when I say the directives of the court, I direct the court specifically to the decisions of United States against Thomas, United States against Alexander, and United States against Phillips, all of which are 2016 decisions by this court. She utilized the applied. And what she found is that there was only one statute section that utilized all of the three key words that were contained within the information. And those three components were, first of all, that there was a knowing mens rea, not a reckless mens rea or a criminal negligence mens rea, but a knowing mens rea, and that the defendant knew about the, knew that, knowingly engaged in conduct. And second, she found that the, there was physical injury to a law enforcement officer. And the third component was that it was by utilizing a dangerous instrument. So the court said, Judge Fleisig said, there's only one statute section, which is subsection 1.1, which contains those three components, a knowing mens rea, a physical injury to a law enforcement officer, and the use of a dangerous instrument. And that's where she... What's the effect in the information of the violent and intoxication, intoxicated condition? Your honor, those are the facts. That's a description of the facts that the defendant engaged in, but this court cannot consider the facts. And the court has been, that's the law of this circuit and the Supreme Court. And that's been very clearly established. We are never to look at the underlying facts of the crime and subsection applies. The limited documents... That seems to implicate subsection 4. Whether it implicates it or not, your honor, is not the question though. The question is, did Judge Fleisig follow the proper procedure in this case, which is to determine based upon the charging information, the very limited language in the charging information, did it, which statute section did it comport with? And in this particular case, Judge Fleisig found there were only three things contained in the charging document. He knowingly caused physical injury with a dangerous instrument. There's only one subsection that contains all three of those elements. The other subsections, particularly the ones that Mr. Smith would ask the court to use, are criminal negligence subsections. Nowhere in the charging document doesn't mention criminal negligence. It mentions a knowing mens rea. And so the court then properly limited its analysis. It never considered the And believe me, this is one of those times as a prosecutor, we're always wanting to look at the underlying facts. We're told repeatedly we can't. So that tagline, which is a description of what his conduct was, is not to be considered by the court in determining for this limited purpose, which subsection applied. What about the judgment where it again says while intoxicated? Those are facts again, your honor. And the problem is that Judge Fleisig looked at the but it doesn't have a statute section on there. And so that's why she turned to the charging document, which she's permitted to do. Well, then I'll ask you the same question that I ask the opposing counsel. What about the charge code? There is a consistent charge code in the judgment and in the felony information. And if you go to that charge manual, charge code manual, it seems to be that it's subsection four. Your honor, I can't answer with respect to the charge code. That wasn't something that's not anything. In fact, that I'm in the years that I've been prosecuting cases anybody's ever looked at. I think in this particular case, Judge Fleisig looked at the face of the document and did not see a statute section nor a clear indication of which statute, which is really what the issue is, which statute was utilized. Because in the felony information, there is the charge code number. And I just wondered how have you ever had a had a case where you've looked to the charge code manual to help? I don't know. Is that a Shepard document? I don't know to determine which subsection someone has actually ended up pleading guilty to. Your honor, under Shepard, that is not an identified document. Shepard identifies documents such as the charging document, which would be the information or the indictment. And if there's been a jury trial, you can look at the jury instructions that have been submitted. You can look at the language contained in the plea agreement. I'm not aware that Shepard specifically includes or excludes, includes charge codes. And historically for us, we have not looked at those charge codes because we're looking at the actual document before the court, which is the judgment. And then the law is that when the judgment is unclear as to which statute section applies, which this judgment was, you're permitted to look at these Shepard documents. And again, Judge Fleissig in this particular case, in looking at the Shepard documents, made it very clear and proper determination that there was only one subsection, which contained all of those elements. In your experience or in your, as far as you know, in your office, do you ever remember the charge code manual coming up as something to consider as to what someone had previously been convicted of in state court? I have not had that experience and I'm not aware of that, your honor. I've been doing a lot of these Johnson Mathis cases for our office and it's not ever come up in any of the cases that I've dealt with before. I think in this particular case, I would, again, stress that I believe Judge Fleissig followed the proper procedures. The law is established in Alexander and Phillips and Thomas by looking to the felony information in this case and that perfectly tracked. And that's what she said. It perfectly tracks subsection one. The court's not supposed to look as to why it was charged that way or what the documents are that support it. But in this particular case, she did not make a mistake in doing that. That's what she was supposed to do. That's what she did. And there was only one subsection that applied and that is subsection one, one. The judge did make an alternative finding and said, even if. Now you haven't raised harmless error in your brief. Can we reach that? Just for purposes, again, of this question, let's say we don't think it's subsection one. You haven't raised the harmless error. Can we can we reach it anyway? I think you're allowed to do whatever you want, Judge. So I'm not about to tell you you can't do something. No. Would we have an obstacle? Would it be harder for us if you haven't raised that? Would it be harder for us to reach that? I think you're permitted to affirm a decision on any grounds that you find to be supported by the record, Your Honor. So but I do believe in this case, the court doesn't even need to reach that because I think this is a clear cut case that Judge Fleissig followed the appropriate methods as demonstrated by this this court in multiple cases and that she reached the correct conclusion. I cannot stress enough that the fact that there is language in the information that says the defendant's conduct involved driving a car while intoxicated is absolutely simply irrelevant to a determination in this particular case as to which of the subsections applies. Moving on to the next issue, which was the number of firearms, Judge Kelly, I believe that's probably why Judge Fleissig said that she would give the same sentence regardless. She made a very clear record that this particular defendant had a substantial number of firearms, one of which she believed, at least by preponderance of the evidence that he had used to shoot his mother with. I think her record couldn't be more clear. She had a plethora of firearms from which to determine how that he possessed at least three firearms. She made a very good and convincing record of that. And based upon the standard of review that the court has with respect to that issue, which is that she made it clear error, that simply is not the case here. And then that brings us to our cross-brief, which raises the issue of burglary, second degree of a building. As the court knows that as presently before the court and bank under United States against Naylor, which was argued before the court in September. Of course, I would urge you to rule today on this case while the law still binds you from the other panel in Sykes saying that, of course, burglary second of a building is. That's not going to happen. Well, I could only try, Judge. But we do believe that Sykes and Naylor, for that matter, were both properly determined that burglary second of a building is, in fact, a violent felony and a crime of violence under the statute that is so completely different from the Iowa statute in Mathis that it compels a different result. So for all of those reasons, first of all, we would ask that the court affirm the district court, both with respect to the issue of the number of firearms, as well as to her correct and proper assessment as to which subsection applied here and therefore affirm that. Did we review that question de novo or for clear? Which one, Your Honor? As to which statutory section applies. De novo. So we would ask the court to affirm those two decisions on the part of the court, but we would respectfully request the case be remanded for resentencing of the defendant as armed career criminal, given that we do believe that the district court did err in concluding that the burglary second degree of a building was not a crime of violence or a violent felony. Thank you very much. Mr. Smith, you're above. Thank you. Just with respect to my original argument, Miss Barron's is stressing that we're not the court is not allowed to consider facts, and I agree in some circumstances they're not, but they can't. The court cannot ignore the 11th. What did this guy do? That's all they have. So to say that I can read the first 10 sentences but ignore the 11th, I don't know how that's possible. With respect to the burglary second argument, Judge Kelly, I'm with you on that one. Your concurrence in Naylor, I completely agree. I think that the Missouri second burglary statute, contrary to what the government just said, is very similar to the Iowa statute that we found in Mathis. They are means of committing the one locational element. Mathis is right with Missouri burglary second. I firmly believe that. The government and the state does not have to prove a building and inhabitable structure. They don't have to do that. Missouri, in the case law, in the Polis case, Missouri puts in, in 1979, they added inhabitable structure to the definition, and that listed a whole set of different ways that a burglary could be committed. Not just the building, not just a structure, a car, a boat, a plane. Those are all means of committing that one locational element. The state must prove that there was an unprivileged entry, that's the first element, into some location. Not just the building. It could be any one of those things. And then they have to prove that there was done to commit a crime therein. They have to prove three elements, which I just listed. But the fact that an inhabitable structure lists all those separate means, that is what the court should it is a violent offense, and I'm not sure where the status of that is at this point. It's before the court in vain. And I hope that we can wait on that for Mr. Goldsberry's case. And again, Judge Kelly, in your concurrence, you talked about simply stating or, the disjunctive or in between inhabitable structure should not be enough to claim that they're elements. But I'm not going to take any more time on that. I simply ask that the court remand on my initial point with respect to the law enforcement, the assault on a law enforcement officer in the second degree, and yet affirm Judge Fleisig's decision not to count burglary second as a violent offense. Thank you very much. Thank you, Mr. Smith. Court also wishes to express our appreciation to you for serving under the criminal justice side. Thank you. Madam Clerk, would you call case number